UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMMANUEL JACOBS,

        Petitioner,

v.                                         Case No. 2:04-cv-106
                                             HON. GORDON J. QUIST

TERRY SHERMAN,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner filed this petition for writ of habeas corpus, challenging the validity of his state court conviction for first degree felony murder and use of a firearm in a felony. Petitioner was convicted after a plea of not guilty and on December 12, 1990, was sentenced to a prison term of mandatory life, plus two years for the weapons charge.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner Emmanuel Jacobs was tried and convicted of first-degree felony murder. On or about June 13, 1990, Petitioner and his girlfriend, Cynthia Alexander, entered the house of William Armstrong, ostensibly to retrieve some items of hers that were in the house. While they

were in the house, Ms. Alexander told Petitioner that she was raped by Mr. Armstrong. Some time later, Mr. Armstrong returned and was shot in the head by Petitioner. Petitioner's conviction was affirmed by the Michigan Court of Appeals, but was remanded for an evidentiary hearing on whether a search of the home of Petitioner's mother was constitutional. Following an evidentiary hearing, the trial court found that the search was constitutional. The Michigan Supreme Court affirmed the lower court's decision. Petitioner, after apparently exhausting his state court remedies, brought this petition.

Petitioner has raised the following issues in his petition: (1) Petitioner's conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest, (2) Petitioner's conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (3) there was insufficient evidence to sustain a finding of guilt beyond a reasonable doubt, (4) there was a failure to properly instruct the jury on heat of passion manslaughter vs premeditated murder, (5) there was a denial of notice of the prosecution presenting on an "aiding-and-abetting" theory of murder in violation of due process, (6) the trial court improperly allowed the prosecution to impeach its own witness and failed to instruct the jury on the proper use of inconsistent statements, and (7) Petitioner was denied effective assistance of counsel.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407, n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Petitioner's first and second claims, that he was arrested and searched unlawfully, are claims under the Fourth Amendment to the Constitution. Fourth Amendment claims generally cannot be raised in a habeas corpus petition, and are subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482. The State of Michigan has provided criminal defendants with a procedure to fully and fairly present Fourth Amendment claims. *People v. Fergusen*, 376 Mich. 90, 93-94; 135 NW2d 357, (1965); *People v. Harris,* 95 Mich. App. 507, 509; 291 NW2d 97 (1980). Petitioner argues that the issuance of a standard order denying him relief on Fourth Amendment grounds does not constitute full and fair litigation. (Petitioner's Reply to Respondent's Answer to Petition for Writ of Habeas Corpus, Docket #31, at 2.) Petitioner cites no case from the Sixth Circuit stating that standard orders denying relief in and of themselves preclude full and fair litigation, and this court will presume the

- 4 -

actions of the state court are valid. Most importantly, the state courts provided Petitioner with a procedure to fully and fairly present his Fourth Amendment issues for adjudication. In the opinion of the undersigned, claims one and two should be dismissed.

Petitioner's third claim is that there was insufficient evidence to sustain a finding of guilty beyond a reasonable doubt. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify any rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* Petitioner contends specifically that there was insufficient evidence to establish the felonious intent required by the underlying felony of larceny in the charge of felony murder. (Petition for Writ of Habeas Corpus, Docket #1, at 6.) The elements of larceny are as follows: (1) An actual or constructive taking of property, (2) asportation of the same, (3) with intent to permanently deprive the owner (4) of property that does not belong to the defendant, (5) against the will and without the consent of the owner. *People v. Goodchild*, 68 Mich. App. 226, 232; 242 NW2d 465 (1976). Petitioner claims that he was helping his girlfriend, Cynthia Alexander, move items out of the victim's house that she stated were owned by her. (Petition for Writ of Habeas Corpus, Docket #1, at 6.) Petitioner asserts that he lacked the intent to permanently deprive the owner (whom he believed to be Ms. Alexander) of the property, and therefore no larceny was committed. The Michigan Court of Appeals found that, even if Petitioner believed he was helping Ms. Alexander retrieve her own property, a finder of fact could infer that such a belief was not in good faith. *People v. Jacobs*, No. 137095 (Mich. App. October 3, 1995). Petitioner was removing property that, even if it did belong to Ms. Alexander, did not belong to him and was kept in another person's residence. Petitioner and Ms. Alexander did not have permission to enter the house.

(Transcript of Jury Trial, Docket #17, at 653.)  In order to gain access to the house, Petitioner and Ms. Alexander broke into the house through a window.  The facts in the record support the appellate court's conclusion that Petitioner's belief was not in good faith.  In the State of Michigan, a defendant lacks the intent necessary for larceny if he has a good faith belief that the property he is taking away belongs to him.  *People v. Holcomb*, 395 Mich. 326, 333; 235 NW2d 343 (1975).  That belief, however, must be held in good faith.  Sufficient evidence was presented at trial to support a conviction for the underlying felony of larceny.  The Michigan Court of Appeals' decision was not unreasonable.

Petitioner's fourth claim is that the trial court issued an erroneous instruction to the jury regarding the difference between heat-of-passion manslaughter and intentional murder. Specifically, Petitioner contends that the jury did not receive an instruction that the prosecution must prove beyond a reasonable doubt that the killing was not committed in the heat of passion.  Petitioner did not object to the instruction at trial, and is now procedurally barred from raising that issue in a habeas corpus petition.  The claim may only be reviewed if Petitioner demonstrates cause and prejudice.  *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 423-424 (6th Cir. 2003).  Petitioner argues that cause and prejudice for this claim is the ineffectiveness of counsel for failing to object. (Petitioner's Reply to Respondent's Answer to Petition for Writ of Habeas Corpus, Docket #31, at 4.) To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984).  Stated another way, this court is to decide whether

petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, quoted in *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See Id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). The failure of defense counsel to object to the jury instruction did not rise to the level of prejudice, in that it did not turn what would have been an acquittal into a conviction. The Michigan Court of Appeals noted that Petitioner failed to object to the instructions on this issue. The Court further concluded that no manifest injustice occurred because the jury was instructed that the crime of murder could be reduced to voluntary manslaughter if the killing was committed in the heat of passion. *People v. Jacobs*. This instruction was similar enough to the instruction desired by Petitioner that it presented the issues in a fair manner and did not constitute manifest injustice. Counsel was not ineffective for failing to object, and thus there is no cause or prejudice to review the instruction to the jury. The Michigan Court of Appeals' decision was not unreasonable.

Petitioner's fifth claim is that he was not given notice of the prosecution proceeding on an aiding and abetting theory of murder, thus constituting a violation of due process. The

- 7 -

prosecution, in its closing argument, stated that Petitioner could be convicted if the jury found that he had aided and abetted in the murder. Petitioner failed to assert any objection at trial, thus procedurally barring Petitioner from raising this issue in this petition. Petitioner again contends that it was failure of counsel to object that gives rise to cause and prejudice for this issue to be addressed. In the state of Michigan, the prosecution is not required to give the defendant separate notice that he could be convicted for aiding and abetting a murder. *People v. Hooper,* 50 Mich. App. 186; 212 NW2d 786 (1973). Petitioner also raised the issue of aiding and abetting in the course of his defense. Any objection raised would likely be ineffective, and a failure to lodge such an objection does not rise to the level required by the standard previously mentioned in *Strickland*. The Michigan Court of Appeals found that no objection was made at trial, and that the prosecutor acted appropriately. In the opinion of the undersigned, the petition should be denied with respect to this issue.

Petitioner's sixth claim is that the trial court improperly allowed prosecution to impeach its own witness, and failed to instruct the jury on the proper use of inconsistent statements. Specifically, Petitioner contends that the prosecution's witness, Cynthia Alexander, referred to her prior police statement and a tape recording of her statement to refresh her memory as to the identity of the individual who was screaming immediately before the victim was shot. The Michigan Court of Appeals found no error, concluding that the statements were used to refresh the witnesses' recollections. This is not in violation of clearly established Supreme Court precedent or federal law. This issue deals with Michigan rules of evidence, which allow the prosecution to impeach its own witness (MRE 607). Moreover, a court may not grant relief under a habeas corpus petition for a violation of state law. *Smith v. Phillips*, 455 U.S. 209 (1982). This is not a claim that can be

appropriately addressed in a habeas corpus petition, and thus the petition must be denied as to this issue.

Petitioner finally argues that he was denied effective assistance of counsel in violation of the constitution. Specifically, Petitioner claims that counsel failed to move for a directed verdict on the larceny element of felony murder, that counsel failed to request a claim of right instruction, that counsel failed to object to the manslaughter instruction presented to the jury, that counsel failed to request a limiting instruction on the use of impeachment evidence, that counsel failed to object to the use of an aiding and abetting theory by the prosecution, and that counsel failed to object to the prosecutor's statements of law during his closing argument. (Petition for Writ of Habeas Corpus, Docket #1, at 9.) The appropriate standard for evaluating this claim, as previously mentioned, is twofold. Petitioner must show that his representation by counsel fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 687-691, and he must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. There is also a strong presumption that counsel's assistance was effective, and that many actions taken by counsel can be considered to be sound trial strategy. *Strickland*, 466 U.S. at 689. None of petitioner's claims rise to the level necessary to find that his counsel's representation was below an objective standard of reasonableness. The Michigan Court of Appeals rejected Petitioner's ineffective assistance of counsel claims. Petitioner also makes no showing that, were it not for counsel's deficiencies, the outcome of the trial would have been different. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Accordingly, in the opinion of the undersigned, the petition should be denied with respect to this issue.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 15, 2006