UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EMMANUEL JACOBS,

       Petitioner,

v.                                            Case No. 2:04-CV-106

TERRY SHERMAN,                  HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 15, 2006, Magistrate Judge Greeley issued a report and recommendation in which he recommended that Petitioner's petition for writ of habeas corpus be denied because Petitioner's claims are without merit. The magistrate judge concluded that: (1) Petitioner's first and second claims based upon the Fourth Amendment are not claims that can be raised in a habeas proceeding and, in any event, the state provided Petitioner with a procedure to fully and fairly litigate those issues; (2) Petitioner's insufficiency of the evidence claim should be rejected because the state presented sufficient evidence to support a conviction for the underlying felony of larceny; (3) Petitioner's fourth claim regarding the jury instruction explaining the difference between heat-of-passion manslaughter and intentional murder was procedurally defaulted and Petitioner failed to demonstrate that his counsel was ineffective as cause and prejudice; (4) Petitioner's fifth argument regarding lack of notice of an aiding and abetting theory fails because Petitioner failed to object at trial, his counsel was not ineffective for failing to object, and Petitioner raised the issue of aiding and abetting in his defense; (5) Petitioner's sixth claim regarding the prosecution's impeachment of its own witness did not give rise to a constitutional claim that may be addressed in a habeas proceeding; and (6) Petitioner's final claim of ineffective assistance of counsel did not meet the standard set forth

in *Strickland v. Washington*, 466 U.S. 668 (1984), and the Michigan Court of Appeals' decision on this claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

On June 27, 2006, the magistrate judge granted Petitioner's motion for additional time to file objections to the report and recommendation. On July 21, 2006, Petitioner filed a document titled "Petitioner's Response To Respondent's Objections," in which Petitioner stated that Respondent filed objections on July 19, 2006. In filing this document, Petitioner was apparently confused because Respondent never filed any objections and Petitioner referred to himself several times as Respondent. In any event, the Court will consider this filing as Petitioner's objections to the report and recommendation. After conducting a de novo review of the report and recommendation and, having reviewed Petitioner's objections, the Court concludes that the report and recommendation should be adopted by the Court.

In his objections, Petitioner generally repeats his arguments on all claims without explaining why the report and recommendation's conclusions are erroneous with regard to any of those claims. Without more specific objections, the Court has no basis to reject the magistrate judge's findings and conclusions, and the Court has determined on its own review that they are not erroneous. General statements and conclusions, such as those set forth in Petitioner's objections, do not suffice. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Thus, the Court finds no basis to reject the report and recommendation.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit

has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 15, 2006 (docket no. 34) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated: September 14, 2006                    /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE